January 29, 1977

**77–4   MEMORANDUM OPINION FOR THE ATTORNEY GENERAL**

**Conflict of Interest—Propriety of Using a Leased Airplane for Personal and Official Purposes**

You have asked whether there would be any conflict of interest or other legal problem if an executive branch official leased an airplane at his own expense and for his own use as the need arises.

There would appear to be no conflict of interest or other legal problem whatever in the use of a leased airplane for purely personal reasons. The conflict-of-interest statutes applicable to officers and employees of the executive branch, 18 U.S.C. §§ 201 *et seq.*, and the Standards of Conduct regulations covering officers and employees of the agency involved, contain no express or implied prohibition against using a leased airplane for private purposes, and we can see no reason why there would be even an appearance of impropriety in the official's doing so. Using a private airplane for personal use is no different from using a private automobile in the same way—whether the vehicle in question is leased or owned outright.

The conflict-of-interest statutes and the Standards of Conduct for the agency involved do not prohibit the use of a leased or privately owned airplane or other vehicle for travel on official business. Indeed, Parts 1–4.2 and 1–4.3 of the Federal Travel Regulations specifically provide that a Government employee may be reimbursed for the use of a privately owned airplane for official business, rather than commercial transportation, where such use is determined to be "advantageous to the Government" or where it is "an authorized or approved exercise of the employee's preference." Similarly, Part 1–3.2 of the Federal Travel Regulations permits an employee to rent an airplane for official travel if it has been authorized or approved as being "advantageous to the Government." We have been informed by the Office of the General Counsel of the General Accounting Office that use for official purposes of a vehicle that an employee has leased on a long-term basis for personal as well as Government use would be covered by Parts 1–4.2

8

and 1-4.3 of the Federal Travel Regulations, discussed above, which govern reimbursement for use of a privately owned airplane.

When it is determined that the use of a privately owned airplane is advantageous to the Government, an employee is entitled to reimbursement at the mileage rate fixed by the agency that will be adequate to compensate its employees for necessary expenses, up to a maximum of 12 cents per mile. Federal Travel Regulations, Part 1-4.2. If the employee uses a private airplane as an authorized or approved exercise of his preference in lieu of common carrier transportation, reimbursement is calculated according to the same formula, with the added restriction that the mileage payment may not exceed the constructive cost of coach accommodations for the same trip by commercial carrier. Federal Travel Regulations, Part 1-4.3.

The only legal issue that might arise in using a leased airplane for official business (other than the requirement that it be "advantageous to the Government" or "an authorized or approved exercise of the employee's preference") is whether the official involved would be required to seek reimbursement from the Government for his expenses. The Comptroller General has ruled that unless an agency has statutory authority to accept gifts (which the agency apparently does not have), neither the agency nor its employees may accept payment or reimbursement from private sources for expenses incurred while on official business. 46 Comp. Gen. 689 (1967). This restriction is embodied in the Standards of Conduct of the agency. The theory of this prohibition is that acceptance of payment or reimbursement of travel expenses from private sources constitutes an unauthorized augmentation of the agency's appropriations that are available for official travel. The Comptroller General's decision and the agency's regulation do not deal with the question whether an employee is prohibited from paying his own travel expenses, but the rationale of preventing unauthorized augmentation of appropriations may well apply in this situation as well—especially where the employee expects to use his own vehicle for official business on a number of occasions. This would seem to be, however, a matter for the Comptroller General rather than for the Attorney General.

We should also point out that the Comptroller General has ruled that a top-level Government officer is regarded as being on official business for purposes of the prohibition against reimbursement from private sources whenever the activity is "reasonably related to his office." 46 Comp. Gen. 689 (1967).

EDWIN S. KNEEDLER
*Attorney-Adviser*
*Office of Legal Counsel*